**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20801-BLOOM/Otazo-Reyes**

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST
FOR THE REGISTERED HOLDERS OF
MORGAN STANLEY ABS CAPITAL I INC.
TRUST 2006-HE6, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-HE6,

    Plaintiff,

v.

FRANCISCA VALDES a/k/a
FRANCISCA GEMA VALDES, *et al.*,

    Defendants.
_____/

## **ORDER TO REMAND**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Defendants[1] removed this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on February 26, 2021. *See* ECF No. [1]. That same day, the Clerk of Court issued three Notices alerting Defendants of their failure to (1) pay the required filing fee, (2) file their Civil Cover Sheet, and (3) attach the state court records in this case. *See* ECF Nos. [3], [4], & [5] ("Noncompliance Notices"). These Noncompliance Notices also instructed Defendants to file the state court records, a completed Civil Cover Sheet, and a Notice of Compliance of Filing Fee indicating that the $402.00 filing fee has been paid within 24 hours. *Id.* To date, Defendants have

---

[1] The Notice of Removal was filed on behalf of "Defendants Francisca Valdes a/k/a Francisca Gema Valdes, *et al.*, (collectively the 'Defendants')." *See* ECF No. [1] ("Notice"). Nevertheless, the only Defendant actually identified by name throughout the Notice is Francisca Valdes.

failed to comply with these court orders by timely filing any of the materials listed in the Noncompliance Notices.[2] Remand is appropriate on this basis alone.

However, in addition to Defendants' failure to comply with court orders, a review of the Notice itself reveals an additional basis for remand. Specifically, the Notice claims that the basis for this Court's jurisdiction is as follows: "The Defendant file [sic] this Notice of Removal for Plaintiff's violation of the renewed provisions of the Federal CARES ACT, recently addressed by Congress, and the protection against foreclosure and sale from the same." ECF No. [1] at 2. This remarkably broad statement, on its own, is plainly insufficient to confer federal jurisdiction on this Court. Indeed, Defendants point to no specific provision of the CARES Act that would confer federal subject-matter jurisdiction on a state foreclosure case. As it is Defendants' burden to provide a basis for removal, the Court finds that remand is appropriate because Defendants' Notice falls well short of satisfying this burden.

Finally, and most concerningly, this Court notes that Defendants' counsel has improperly removed a number of foreclosure cases to federal court in an apparent attempt to delay the impending foreclosure sale.[3] These removals are patently frivolous and reflect pure

---

[2] The Court likewise notes that, by not filing a civil cover sheet in this case, Defendants have also failed to comply with the requirements of the Local Rules in this District. *See* S.D. Fla. L.R. 3.3 ("Every Complaint or other document initiating a civil action shall be accompanied by a completed civil cover sheet."). The Court reminds Defendants that "[n]either the Federal Rules of Civil Procedure nor the Local Rules are aspirational." *Andreu v. Hewlett-Packard Co.*, No. 15-cv-23270, 2016 WL 1697088, at *4 (S.D. Fla. Apr. 20, 2016); *see also Travelers Cas. & Sur. Co. of Am. v. E. Beach Dev., LLC*, No. CIV.A.07-0347-WS-B, 2008 WL 3211306, at *13 n.30 (S.D. Ala. Aug. 7, 2008) ("The Federal Rules of Civil Procedure are not aspirational, and may not be casually disregarded by parties at their option.").

[3] *See, e.g.*, *Elizon DB Transfer Agent LLC v. CMG Cap., LLC*, No. 1:21-cv-20795-UU (S.D. Fla. Mar. 2, 2021), ECF No. [7] (remanding case *sua sponte*; filing fee not paid and no civil cover sheet filed); *TCM Fin., LLC v. Conategi, LLC*, No. 1:21-cv-20640-BB (S.D. Fla. Mar. 10, 2021), ECF No. [9] (granting motion to remand and awarding attorneys' fees and costs; filing fee not paid, no civil cover sheet filed, and no response to motion filed); *Axos Bank v. Chowdhury*, No. 0:20-cv-62342-RS (S.D. Fla. Jan. 12, 2021), ECF No. [12] (granting motion to remand and request for attorneys' fees; no civil cover sheet filed); *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC*, No. 1:20-cv-24178-RNS (S.D. Fla. Nov. 16, 2020), ECF No. [21] (granting motion to remand and referring motion for attorneys' fees and motion for sanctions to

gamesmanship. Each removal lacks a proper foundation and, oftentimes, the removing party fails to pay the filing fee, file the civil cover sheet, and/or file the state court record, as occurred in this case. Each case reveals counsel's use of a removal to federal court as a means to an end in order to postpone a foreclosure sale. This conduct runs contrary to counsel's duty of candor to the tribunal and serves only to waste limited resources of all parties and institutions involved—both at the state and federal level.

The Court reminds counsel that, "as officers of the court, attorneys are servants of the law rather than servants of the highest bidder." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1547 (11th Cir. 1993).

> The duty of candor is an important part of our justice system for several reasons. First, . . . the duty of candor is an integral part of ensuring that our system of justice functions properly because first and foremost an attorney is an officer of the court, an institution whose purpose is to seek the truth in order to do justice. *See Malautea*, 987 F.2d at 1546. Second, the duty of candor is important to providing clients with an attorney's "independent professional judgment" so as to not create unreasonable client expectations, which when dashed can undermine confidence in the justice system. *See* Fla. Bar Rule 4-2.1. Third, the duty of candor helps promote judicial efficiency and avoid crowding the court's docket with frivolous actions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (stating that the purpose of Rule 11 is to deter baseless filings in district court and streamline administration and procedure).

*Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1281 (S.D. Fla. 2010). As such, the Court admonishes counsel and requires that counsel review his ethical obligations under the Rules Regulating the Florida Bar.

---

magistrate judge; no civil cover sheet or state court records filed); *Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, No. 1:19-cv-24882-JEM (S.D. Fla. Jan. 21, 2020), ECF No. [19] (granting motion to remand by default and noting that there appeared to be no bases for removing the foreclosure action; no state court records filed initially, but such records were later submitted upon court order); *see also First Sw. Fin. LLC v. T.D. Bank, N.A.*, No. 1:21-cv-20484-DPG (S.D. Fla. Mar. 4, 2021), ECF No. [8] (granting motion to remand by default in state court writ of garnishment case; no civil cover sheet or state court records filed); *First Sw. Fin. Servs., LLC v. Dawkins Home Inc.*, No. 1:20-cv-24768-JAL (S.D. Fla. Jan. 19, 2021), ECF No. [32] (granting motion to remand in part and denying in part as to request for attorneys' fees in state court replevin case; no civil cover sheet or state court records filed).

Case No. 21-cv-20801-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' counsel is ordered to pay the $402.00 filing fee **by no later than March 18, 2021**. **Failure to do so will result in the imposition of the appropriate sanctions against counsel for Defendants.**

2. The above-styled case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of the Court is directed to **CLOSE** the case.

4. To the extent not otherwise disposed of, all deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record